# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 04-61188 |
| | ) | |
| VAUGHN R. HOLSHU, SR., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF DECISION** |
| | ) | |

This matter comes before the court upon a motion to redeem filed by Vaughn R. Holshu, Sr. (Hereafter "Debtor") and a response filed by Unizan Bank, National Association (hereafter "Unizan"). A hearing was held on May 10, 2004 at which time the court took the matter under advisement.

## JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

## FACTS

Debtor filed a petition under Chapter 7 of the Bankruptcy Code on March 15, 2004. On March 25, 2004 Debtor filed a motion to redeem a 2000 Chevrolet Prism for the amount of $4,630.00. As evidence of this value, Debtor attached an appraisal.

On April 14, 2004 Unizan filed a response to Debtor's motion and a request for a hearing. Unizan argued that Debtor's motion should be denied because $4,630.00 was less than the replacement value of the Prism. Unizan alleges that Debtor's appraisal is not independent because it was prepared by a lender for the purposes of making a loan secured by the vehicle. Unizan asserts that the trade-in value of the vehicle is $4,975.00 and the retail value is $6,475.00 plus an upward adjustment of $525.00 for options or mileage. Unizan seeks an order from the court declaring that Debtor may redeem the vehicle for no less than $6,237.50.

# ANALYSIS

## I. Method of Valuation

Any meaningful analysis in a redemption case begins with the text of 11 U.S.C. § 722 which states:

> An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

11 U.S.C. § 522. The statute directs that the debtor may redeem by paying "the amount of the allowed secured claim." One issue before the court, as in most redemption cases, is how a court should calculate the amount. The Bankruptcy Code provides additional guidance on this issue by defining the phrase "allowed secured claim" in 11 U.S.C. § 506(a) as follows:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . . Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property . . . .

11 U.S.C. § 506(a). This section, however, does not give specific direction as to how the secured value is to be determined. The Supreme Court addressed this issue in the context of a Chapter 13 cramdown in the case of Associates Commercial Corp. v. Rash, 520 U.S. 953 (1997). The issue in Rash was whether the value of the collateral is to be determined by foreclosure value, replacement value, or a midpoint between the two. Id. at 955, 56. The Court decided on replacement value in the cramdown context. Id. at 965.

Since Rash, courts have been nearly universal in ruling that replacement value is not to be used in the redemption context. *See* Triad Financial Corp. v. Weatherington (In re Weatherington), 254 B.R. 895, 899 (B.A.P. 6th Cir. 2000). The Weatherington court noted that neither the creditor nor the panel were able to locate any decision to support the position that Rash controls that valuation standard in Chapter 7 cases. Id. There is one subsequent decision holding that replacement value should be used in the Chapter 7 context. *See* In re Smith, 307 B.R. 912 (Bankr. N.D. Ill. 2004). The Smith court found that the replacement value standard applied to Chapter 7 redemptions even though acknowledging that "every authority considering the issue has declined to apply Rash to redemptions in Chapter 7, limiting Rash's analysis and valuation standard to Chapter 13 cramdowns." Id. at 916.

04-61188-rk    Doc 11    FILED 06/02/04    ENTERED 06/02/04 15:26:41    Page 2 of 5

Although it is not always the case that following the pack is the right course of action, in this situation it is the correct course to take. The Weatherington court looked to the legislative history of § 722 and the differences between a Chapter 13 cramdown and a Chapter 7 redemption to justify its decision to use liquidation value in redemption cases. Weatherington, 254 B.R. at 899. Comments in the legislative history suggest that Congress' intent in drafting § 722 was to put a creditor in as good a position as repossession and sale would have. Id. The court noted that creditors repossessing vehicles will usually sell them at auction for wholesale; therefore, it is wholesale value that will put creditors in the same position as repossession and sale. Id. The court distinguished a Chapter 13 cramdown situation since in a cramdown the creditor is forced to take payments over time and is exposed to the risks of nonpayment and declining value of the collateral. Id. at 900. The creditor in a redemption case is not exposed to either of these risks, thus, replacement value is not appropriate. Id.

The reasoning in Weatherington is persuasive. Therefore, liquidation value is the value used to determine the redemption amount.

## II. Redemption Value In This Case

The vehicle at issue is a 2000 Chevrolet Prism with 34,000 miles and a CD player. Debtor asserts that the redemption value should be set at $4,630.00 and attaches an appraisal based on Kelley Blue Book to this effect. Unizan questions this appraisal's independence since it was made by a party seeking to make a secured loan on the vehicle. However, Unizan does not state why this should call the authenticity of the appraisal into question. It appears to the court that the appraisal based on Kelley is largely automatic once the variables of the vehicle in question are placed into the equation. Therefore even if there was some bias present in the appraiser, it would not affect the outcome.

Unizan provided an appraisal based upon the N.A.D.A. listing which shows the trade-in value of the Prism to be $5,025.00, which does account for the CD player. This N.A.D.A. valuation was adjusted upward by $475.00 due to the low mileage on the car, resulting in a total trade-in value of $5,500.00. Unizan argued for the higher retail value of $6,425.00.

The court does not find any of these appraisals to be particularly compelling. There was no testimony from any human being and it is not clear that anyone viewed the car. Debtor's appraisal merely lists each element rated in the appraisal as "fair" without going into any apparent detailed analysis. Unizan's N.A.D.A. report makes similiar assumptions, nearly always with higher values. The court also viewed several similar online services that valued the vehicle between debtor's low value of $4,630.00 and creditor's high value and is convinced that the truth lies somewhere between the extremes. Naturally it is closer to Debtor's number since Unizan relied on retail value and the liquidation approach has been

followed. The court determines the secured value to be $5,000.00.[1] This is the amount which Debtor is required to pay in order to redeem the vehicle.

## CONCLUSION

For the foregoing reasons, Debtor is required to pay $5,000.00 to Unizan in order to redeem the 2000 Chevrolet Prism at issue pursuant to 11 U.S.C. § 722. An order in accordance with this decision is issued contemporaneously.

/s/ Russ Kendig   JUN 0 2 2004

RUSS KENDIG
U.S. BANKRUPTCY JUDGE

---

[1] The Smith court noted that there may be no evidence when all the parties offer is hearsay services, but no party raised this issue. In limited value matters, parties nearly always prefer decisions in lieu of evidence lectures and unjustified expense. Further, this opinion does not resolve questions that were not raised by any party as to the meaning of liquidation value in comparison to the use of terms such as trade-in, loan, wholesale and so on, or whether the liquidation value could be different for different creditors, such as a "buy here pay here" as opposed to a financial institution.

-4-

## SERVICE LIST

Debra E Booher
One Cascade Plaza
1st Floor
Akron, OH 44308

Dynele L. Schinker
Debra Booher & Assoc. Co., LPA
1 Cascade Plaza
1st Floor
Akron, OH 44308

Anthony J. DeGirolamo
Courtyard Centre, #625
116 Cleveland Ave NW
Canton, OH 44702

Rajko Radonjich
624 Market Ave N.
Canton, Ohio 44702